UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

GEORGE KESOGLIDES,

                    Plaintiff,

                          **MEMORANDUM & ORDER**
           v.                          13−CV−4724 (PKC)

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

----------------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

Plaintiff George Kesoglides ("Plaintiff") brings this *pro se* action under 42 U.S.C. § 405(g), seeking review of a final decision by the Acting Commissioner ("Commissioner") of the Social Security Administration ("SSA") that denied Plaintiff's claim for disability insurance benefits and supplemental social security income ("SSI"). (Dkt. 1.) The Commissioner has moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that it was not timely filed. (Dkt. 12.) For the reasons that follow, the Court grants the Commissioner's motion.

## *BACKGROUND*

Plaintiff applied for a disability insurance benefits, and SSI on July 16, 2009, alleging that he has been disabled since December 15, 2008. (Dkts. 1 ¶¶ 4−5; 13−3 (Declaration of Patrick J. Herbst, dated Sept. 17, 2013 ("Herbst Decl.")) at Ex 1.) Plaintiff suffers from asthma, bipolar disorder, major depression, and personality disorder. (*See* Dkt. 1 at ¶ 4; Herbst Decl. Ex 1.)

By decision dated March 6, 2012, an Administrative Law Judge ("ALJ") denied Plaintiff's claims. (*See* Dkt. 1 at ¶ 7 & 4; Herbst Decl. ¶ (3)(a) & Ex 1.) Plaintiff sought review

of the ALJ decision on April 27, 2012. (Dkt. 1 at ¶ 8 & 5; Herbst Decl. ¶ (3)(a).) By notice dated May 17, 2013, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (*See* Dkt. 1 ¶ 8 & 4−7; Herbst Decl. Ex. 2.) That notice was sent to Plaintiff's address, and a copy was sent to the attorney who represented Plaintiff before the SSA. (Dkt. 1 at 4, 6; *see* Herbst Decl. ¶ (3)(a).) Plaintiff alleges that he did not receive the notice letter until June 12, 2013. (Dkt. 1 ¶ 8.)

In the May 17, 2013 notice, the Appeals Council notified Plaintiff that if he disagreed with the Appeals Council's decision, he could commence a civil action within sixty days of the date he received the notice. (*Id.* at 5.) The notice also advised that Plaintiff would be assumed to have received the notice within five days of the date of issuance unless Plaintiff showed that he did not receive it within the five−day period. (*Id.*) Furthermore, the notice informed Plaintiff that if he could not file a civil action within sixty days of receiving the notice, he could request an extension of time to do so from the Appeals Council, which would grant the request upon a showing of good cause. (*Id.* at 6.)

Plaintiff filed this action *pro se* on August 21, 2013, ninety−six days after the date on the Appeals Council notice. (*See* Dkt. 1 at 1, 3.) Together with his complaint, Plaintiff filed a letter dated July 18, 2013 from the law firm that represented him before the SSA, stating that Plaintiff had not received the May 17, 2013 Appeals Council notice[1] and was not aware of the denial because of a change of address. (*Id.* at 8.) Plaintiff also filed an affirmation in opposition to the Commissioner's motion to dismiss, using a form provided by the Clerk's Office. (Dkt. 11.) In his affirmation, Plaintiff contended that the motion should be denied because his lawyer failed to notify him of the Appeals Council notice at his new address. (*Id.* at 3.) In subsequent letters to

---

[1] Contrary to his complaint, the letter from Plaintiff's former attorney stated that Plaintiff had not received the notice letter at all.

the Court, Plaintiff elaborated that after his eviction from his apartment, he promptly informed his attorney of the eviction and requested that his attorney to update his address with the SSA. (Dkt. 17 at 1.) Plaintiff asserts, however, that his attorney failed to correct his address and to inform him of the Appeals Council's decision. (Dkts. 16 at 1; 17 at 1.) According to Plaintiff, he only learned of the notice when he called the law firm "with[i]n the 60days[.]" (Dkt. 16 at 1; *see* Dkt. 17 at 1.) Plaintiff further states that "losing my [apartment] of 30 [years] plus my illness left me confused and disoriented[.] I didn't know what to do." (Dkt. 16 at 2.)

The Appeals Council did not receive a request for an extension of time to file a civil action from Plaintiff. (*See* Herbst Decl. ¶ (3)(b).)

## *STANDARD OF REVIEW*

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint for a plaintiff's failure "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A statute of limitations defense, based exclusively on dates contained within the complaint or appended materials, may be properly asserted by a defendant in a Rule 12(b)(6) motion." *Gelber v. Stryker Corp.*, 788 F. Supp. 2d 145, 153 (S.D.N.Y. 2011) (citing *Ghartey v. St. John's Queens Hosp.*, 869 F .2d 160, 162 (2d Cir. 1989)); *accord Twumwaa v. Colvin*, 13 CV 5858, 2014 WL 1928381, at *2 (S.D.N.Y. May 14, 2014).

To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must plead facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In evaluating a 12(b)(6) motion to dismiss, a district court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014); *Cleveland v. Caplaw Enter.*, 448 F.3d 518, 521 (2d Cir. 2006). The Court need not credit "legal conclusions" in a

3

claim or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotations and alteration omitted). Because Plaintiff is proceeding *pro se*, Plaintiff's submissions must be construed liberally and interpreted to raise the strongest arguments they suggest. *See Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013).

## *DISCUSSION*

### I. Plaintiff's Complaint is Dismissed for Failure to Timely File

Title 42, United States Code, Section 405(g) provides for judicial review of a final determination by the Commissioner within sixty days of the petitioner's receipt of the Commissioner's determination. Section 405(g) states, in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

This appeal remedy is the exclusive means of challenging the Commissioner's "final decision" with respect to a Social Security benefits determination. *See* 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner [] shall be reviewed by any person, tribunal, or governmental agency except as herein provided."). The sixty−day time limit is not jurisdictional, but rather a statute of limitations. *Bowen v. City of New York*, 476 U.S. 467, 478 (1986). Moreover, because the sixty−day statute of limitations "is a condition on the waiver of [the United States'] sovereign immunity," it must be strictly construed. *Id.* at 479.

Under the applicable regulations, the mailing of the final decision is presumed received five days after it is dated unless the claimant makes a reasonable showing to the contrary. *See* 20 C.F.R. §§ 404.981, 422.210(c); *Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir. 1984). A

claimant may rebut this presumption with a "reasonable showing" that he received notice of a decision after five days. *Matsibekker*, 738 F.2d at 81. Only after the presumption is rebutted will the burden shift to the Commissioner to show actual receipt. *See id.*

The Appeals Council denied Plaintiff's request to review the ALJ's decision on May 17, 2013. Because the Appeals Council denied the request for review, the ALJ's opinion became the "final decision" of the Commissioner on that date. Under SSA regulations, Plaintiff presumptively received notice of the Appeals Council's decision on or before May 22, 2013. Plaintiff thus had sixty days, or until July 21, 2013, to file a civil action seeking review of the Commissioner's final decision. Alternatively, Plaintiff could have requested an extension of time to file the complaint. Plaintiff did neither in this case. Instead, Plaintiff filed the complaint on August 21, 2013, thirty−one days after the July 21, 2013 deadline.

Plaintiff alleges that he did not receive notice of the Appeals Council's decision until June 12, 2013. (Dkt. 1 at ¶ 8.) However, "a plaintiff must do more than merely assert that he did not receive the notice within five days"; rather, he must make a reasonable showing by "present[ing] some affirmative evidence indicating that the actual receipt occurred more than five days after issuance." *Liranzo v. Astrue*, 07 CV 5074, 2010 WL 626791, at *2 (E.D.N.Y. Feb. 23, 2010) (quoting *Guinyard v. Apfel*, 99 CV 4242, 2000 WL 297165, at *4 (S.D.N.Y. Mar. 22, 2000)*; see also Velez v. Apfel*, 229 F.3d 1136 (2d Cir. 2000) (presumption not rebutted where plaintiff made no "reasonable showing to the contrary" beyond her conclusory allegation that she never received the notice). Courts in this Circuit have found evidence that an Appeals Council notice was sent to an incorrect address sufficient to rebut the five−day presumption. In *Chiappa v. Califano*, 480 F.Supp. 856, 857 (S.D.N.Y. 1979), the claimant rebutted the presumption by showing he had changed addresses at the time he filed his administrative appeal. Furthermore,

5

the *Chiappa* claimant submitted an affidavit from a "railroad clerk" who had forwarded the Appeals Council notice to the claimant's new address more than a month after the notice date. *Id.* Similarly, the claimant in *Dobbs v. Heckler*, 85 CV 0876, 1985 WL 71754, at *3−4 (E.D.N.Y. July 1, 1985), rebutted the presumption by showing she had moved when the Appeals Council sent notice of its decision.

Construing Plaintiff's submissions liberally, Plaintiff contends that the May 17, 2013 notice was sent to a former address because the attorney who represented him before the SSA failed to file a change of address as Plaintiff had requested. Plaintiff further asserts that his attorney neglected to notify him about the notice, and that Plaintiff did not learn of the notice until he called the firm to inquire about the status of his case. (Dkts. 1 ¶ 8; 16 at 1−2; 17 at 1.) Besides Plaintiff's own affirmation and letters, Plaintiff supports his claim with a letter from his attorney stating that Plaintiff was not aware of the denial because of Plaintiff's change of address. (Dkt. 1 at 8.) The Court notes that Plaintiff's listed mailing address in the letter from his attorney, as well as for this litigation, differs from the address reflected on the May 17, 2013 notice. (*Compare* Dkt. 13−3 at 28 *with* Dkt. 1 at 3, 8.)

Assuming, without deciding, that this showing is sufficient to rebut the five−day presumption and taking as true Plaintiff's allegation that he received the notice on June 12, 2013, Plaintiff's complaint is still untimely because he did not initiate this action until seventy days later, on August 21, 2013—thirty−one days after the deadline. Indeed, courts in this Circuit have held that absent circumstances calling for equitable tolling, a complaint filed even a few days past the sixty−day limit must be dismissed. *See, e.g.*, *Twumwaa*, 2014 WL 1928381, at *3 (seven days late); *Pressley v. Astrue*, 12 CV 8461, 2013 WL 3974094, at *5 (S.D.N.Y. Aug. 2, 2013) (five days late); *Smith v. Comm'r of Soc. Sec.*, 08 CV 1547, 2010 WL 5441669, at *1

6

(E.D.N.Y. Dec. 23, 2010) (four days late); *Davila v. Barnhart*, 225 F. Supp. 2d 337, 340 (S.D.N.Y. 2002) (one day late); *Worthy v. Heckler*, 611 F.Supp. 271, 272 (W.D.N.Y. 1985) (two days late).

## II. Plaintiff Has Not Shown a Basis for Equitable Tolling

The doctrine of equitable tolling may excuse a claimant's failure to file his complaint within sixty days of receiving the Commissioner's final decision. *Bowen*, 476 U.S. at 480. A plaintiff bears the burden of showing that tolling is justified. *See Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000). A late−filing plaintiff seeking equitable tolling must prove two things: (1) plaintiff "has been pursuing his rights diligently"; and (2) "some extraordinary circumstance stood in his way." *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The plaintiff must also show a "causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing[.]" *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000). While "equitable tolling is generally warranted only in "rare and exceptional" circumstances, *Molnar v. Legal Sea Foods, Inc.*, 473 F. Supp. 2d 428, 430 (S.D.N.Y. 2007), it is "not infrequently appropriate" in cases involving social security benefits because "Congress intended to be unusually protective of claimants in this area." *Canales v. Sullivan*, 936 F.2d 755, 757 (2d Cir. 1991) (internal quotation marks omitted).

Here, in his affirmation and letters in opposition to the Commissioner's motion to dismiss, Plaintiff contends that his attorney failed to correct his address and inform him of the Appeals Notice, and that his illness and loss of his home left him "confused and disoriented[.]" (Dkt. 16 at 2; *see* Dkt. 17 at 1.) Although the Court is sympathetic to Plaintiff's situation, as a matter of law, these circumstances are insufficient to warrant equitable tolling.

7

To be sure, illness or mental impairment is sufficient in some circumstances to justify the application of equitable tolling. *See Canales*, 936 F.2d at 758−59. Plaintiff, however, has not established that this is such a case. To toll the statute of limitations based on mental impairment, a petitioner must make more than a "conclusory and vague claim," that includes "a particularized description of how [his] condition adversely affected [his] capacity to function generally or in relationship to the pursuit of [his] rights [.]" *Boos*, 201 F.3d at 185; *see Twumwaa*, 2014 WL 1928381, at *4 (claims that plaintiff was "stressed" and "in pain" were insufficient to invoke tolling); *Courtney v. Colvin*, 13 CV 02884, 2014 WL 129051, at *2 (S.D.N.Y. Jan. 14, 2014) (alleged illness did not justify equitable tolling without a connection to plaintiff's ability to meet deadline); *Goff v. Apfel*, 99 CV 8062, 2004 WL 1243148, at *3−5 (E.D.N.Y. Mar. 30, 2004) (tolling not warranted where plaintiff did not show a "causal connection between any mental impairment and the lateness of [plaintiff's] complaint"). This is because "[a]llowing disability claimants who have been denied benefits to toll the sixty−day period on grounds of poor health would thoroughly undermine Section 205(g)'s sixty−day limitation period." *Wong v. Bowen*, 854 F.2d 630, 631 (2d Cir. 1988) (dismissing a complaint filed thirty days late even though plaintiff claimed that serious illness prevented her from filing sooner); *see Bender v. Astrue*, 09 CV 5738, 2010 WL 3394264, at *4 (E.D.N.Y. Aug. 23, 2010) ("poor health is generally not grounds for equitable tolling under 42 U.S.C. § 405(g)"). Here, Plaintiff has stated only that an unspecified illness and the loss of his apartment have left him "confused and disoriented[.]" None of the materials submitted with Plaintiff's complaint or in connection with the motion to dismiss describes this condition or how it affected his ability to pursue his rights. Plaintiff has not averred that he was incapacitated during the tolling period, and has not demonstrated that he

was so ill that it affected his ability to comply with the deadline. Plaintiff therefore cannot justify equitable tolling on the basis of illness.

As to alleged failures of Plaintiff's former attorney, "[a]ttorney misconduct rises to a level warranting tolling when more than ordinary, 'garden variety' mistakes are made." *Doughty v. Colvin*, 14 CV 0265, 2014 WL 5293105, at *4 (N.D.N.Y. Oct. 15, 2014) (citing *Dillion v. Conway*, 642 F.3d 358, 363 (2d Cir. 2011)); *see O'Garro v. Comm'r of Soc. Sec.*, 13 CV 719, 2013 WL 5798537, at *3 (S.D.N.Y. Oct. 24, 2013) ("only 'egregious' attorney conduct is sufficiently 'extraordinary' to justify equitable tolling"). For instance, the Second Circuit has applied equitable tolling where the claimant submitted a sworn affidavit averring that he had been misled into believing that an attorney who represented him before the SSA would be timely filing a complaint. *Torres v. Barnhart*, 417 F.3d 276, 279−80 (2d Cir. 2005). In another example, the Second Circuit found tolling appropriate where an attorney refused to follow his client's requests to do legal research on the client's case and to speak or meet with the client. *Baldavaque v. United States,* 338 F.3d 145, 152−53 (2d Cir. 2003) (noting that the attorney's "actions were far enough outside the range of behavior that reasonably could be expected by a client that they may be considered 'extraordinary'"). Here, Plaintiff's attorney's failures to update Plaintiff's address or inform Plaintiff of the decision do not rise to the level necessary to demonstrate extraordinary circumstances. Moreover, as Plaintiff acknowledges, he learned of the Appeals Council notice, which advised him of the sixty−day deadline, by June 12, 2013, yet did not file his complaint in the instant action until more than sixty days later. While Plaintiff could have requested an extension of time within which to file his action, he did not. Plaintiff therefore cannot show a causal relationship between any attorney failure and the lateness of his filing.

Plaintiff also has not shown that he "acted with reasonable diligence during the time period [he] seeks to have tolled." *Chapman v. ChoiceCare Long Island Term Disab. Plan*, 288 F.3d 506, 512 (2d Cir. 2002). While the Court understands that Plaintiff faces challenges in dealing with the loss of his apartment and his illness, these challenges do not excuse him from acting diligently in pursuing his appeal. In *Rodriguez v. Barnhart*, 01 CV 3411, 2002 WL 31875406, at *4−6 (S.D.N.Y. Dec. 24, 2002), the claimant suffered from depression, mild mental retardation, and possibly more significant mental impairments. However, she managed to contact the court's *pro se* office within the limitations period to request the necessary forms, and ultimately submitted her complaint just thirty−two days after the deadline, thereby raising a "colorable claim" for equitable tolling and requiring an evidentiary hearing. *Id.* at *1, 4–6. Here, Plaintiff's submissions do not describe any efforts he made to file his complaint between his receipt of the Appeals Council notice on June 12, 2013 and his filing of the complaint seventy days later. Equitable tolling accordingly is inappropriate on these facts.

## CONCLUSION

Because Plaintiff did not file his complaint within sixty days of his presumptive receipt of the Appeals Council notice and has not met his burden for applying equitable tolling, the Court grants the Commissioner's motion to dismiss. The Clerk of Court is respectfully requested to enter judgment for the Commissioner and to close the case.

SO ORDERED:

/s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: March 27, 2015
      Brooklyn, New York